IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Charlotte Ann Smith, | C/A No.: 0:10-61-JFA-JRM |
| Plaintiff, | |
| vs. | ORDER |
| Business Development Corporation, Certified Development Corporation, Branch Bank and Trust, US Small Business Administration, | |
| Defendants. | |

Through this action, the pro se plaintiff Charlotte Ann Smith filed suit against defendants Business Development Corporation ("BDC"), Certified Development Corporation ("CDC"), Branch Bank and Trust ("BB&T"), and the US Small Business Administration ("SBA") in the Court of Common Pleas in York County, South Carolina.[1] Defendant SBA removed the case to this Court on January 8, 2010.

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (the "Report") on Defendants' motions to dismiss and Plaintiff's motion for summary judgment made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

The magistrate judge makes only a recommendation to the Court, to which any

---

[1] For pretrial purposes, the Magistrate consolidated this case with a companion case filed by the pro se plaintiff Mary Joe Moore because the defendants and allegations are identical except that Plaintiff Smith has one additional cause of action.

> party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). The Court advised the plaintiff in a Roseboro order of the importance of her adequate response to the motions. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff filed responses to the motions.

The Report recommends granting the motions to dismiss filed by SBA, BB&T, and BDC/CDC and denying the motion for summary judgment filed by the plaintiff. Plaintiff filed objections to the Report on September 13, 2010. (ECF No. 48.)

**I.  Factual and Procedural Background**

The allegations in the complaint are all related to a real estate foreclosure action that took place in York County, South Carolina, Business Dev. Corp. of S.C. v. Fort Mill Academy, LLC, et al., C/A No. 2006-CP-46-2085. The facts, taken in the light most favorable to the plaintiff and as recited in the Magistrate's Report, are as follows:

> 1. It appears that in January of 1997, Plaintiffs sold a child daycare business, Fort Mill Academy, LLC ("FMA") and the real estate upon which it was located to Betty Brindle. BDC financed the transaction by lending FMA

2

$345,000 secured by the real estate upon which FMA was located. Brindle also secured the loan with a mortgage on her residence to BDC. (BDC, 6).

2. "BDC is a South Carolina business development corporation whose purpose is to promote the economic development in South Carolina by assisting small businesses primarily by providing these businesses a source for commercial loans not usually undertaken by traditional lending institution." (Beck Aff.).

3. The United States of America, through the Small Business Administration ("SBA") guaranteed 75% of the BDC loan to FMA. (Grimes Aff.).

4. Branch Bank & Trust Company of South Carolina ("BB&T") purchased the SBA guaranteed portion of the loan from BDC. Id.

5. In December of 2002, BDC repurchased the guaranteed portion of the loan from BB&T. Id.

6. On May 5, 2004, Smith and Moore assumed "the BDC loan and all instruments evidencing and securing the BDC loan and agreed to perform all obligations and undertakings...existing or arising under the Note and BDC Loan Documents." (BDC, 6). FMA, CSM, Inc. and Brindle remained liable and obligated to BDC. Id.

7. The loan went into default as of January 1, 2006. Id.

8. The foreclosure action was filed on August 10, 2006. FMA, Smith, Moore, Brindle and others were named defendants. Id.

9. Smith and Moore filed an Amended Answer and Counterclaim through counsel, Adam Fisher, Jr., Esquire and Leroy J. Dubre', Esquire, on February 7, 2007. The counterclaims alleged tortious interference with contractual relationship and a violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). (BDC, 3).

10. Forest Craig Wilkerson, Jr., Esquire ("Wilkerson") was appointed Special Referee pursuant to the South Carolina Rules of Civil Procedure by the Clerk of Court. (BDC, 2).

11. At a hearing on December 13, 2007, counsel for Smith and Moore voluntarily dismissed the counterclaim for tortious interference with prejudice.

(BDC, 4).

12. The trial proceeded on April 30, 2008. Wilkerson filed an "Order and Judgment of Foreclosure and Sale" on June 9, 2008. The order specifically found that BDC had not violated the SCUTPA. (BDC, 6).

13. Counsel for Smith and Moore withdrew and on July 2, 2008 Smith filed pro se motions. One sought recusal of BDC's attorney, Sherwood M. Cleveland ("Cleveland") because he had an alleged conflict of interest and he "made damaging remarks that influenced witnesses, not to testify to all the facts (play it dumb, play it without memory)." The other motion sought recusal of Wilkerson due to an alleged conflict of interest and a new trial. (BDC, 7).

14. The motions were denied after a hearing held on July 8, 2008. (BDC, 8).

15. Smith filed a pro se notice of appeal. (BDC, 9).

16. The appeal was dismissed by the South Carolina Court of Appeals due to Smith's failure to comply with the South Carolina Rules of Appellate Procedure. (BDC, 10).

(Report, ECF No. 45.) Plaintiff then filed this action in state court, and the defendant SBA removed it to this Court.

**II. Discussion**

Defendant SBA filed a motion to dismiss the eighth cause of action, the only claim against SBA, under Rule 12(b)(1) for lack of jurisdiction. Because the plaintiff never filed an administrative claim with the SBA as required under 28 U.S.C. § 2675(a), the Magistrate recommends granting this motion. This Court agrees.

Defendant BB&T filed a motion to dismiss the seventh cause of action under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. However, the Magistrate chose to construe the motion as a motion for summary judgment under Rule 56

4

because the parties presented arguments outside the pleadings. The Magistrate found nothing to show that BB&T acted as the plaintiff's agent and that BB&T had no connection to the loan at issue after 2002. Therefore, the Magistrate recommends granting this motion, and this Court agrees.

The complaint contains several claims against defendant BDC and one against defendant CDC. BDC and CDC filed a joint motion to dismiss. The Magistrate recommends granting the motion as to several of the claims against BDC because they are barred by res judicata and collateral estoppel. To show res judicata, a defendant must prove three elements: the identity of the parties, the identity of the subject matter, and adjudication of the issue in a former suit. Riedman Corp. v. Greenville Steel Structures, Inc., 308 S.C. 467 (1992).

The Magistrate concluded that the first, second, third, fourth, fifth, sixth, tenth, twelfth, and thirteenth causes of action should be dismissed under res judicata. First, BDC is able to establish the identity of the parties because the plaintiff and BDC were both parties to the foreclosure action. Secondly, the note and mortgage are the subject matter of the foreclosure action and the instant case. Finally, all of the plaintiff's claims either were or should have been litigated in the foreclosure action.

The plaintiff's objections center around the Magistrate's findings on this issue. Specifically, the plaintiff argues that "[t]his foreclosure action was never moved to Federal Court and was litigated as a foreclosure in York County, South Carolina." (ECF No. 48.)

5

This Court agrees with the Magistrate that the plaintiff's claims either were or should have been litigated during the foreclosure action and that they should now be dismissed.

The Magistrate recommends that the negligence claim against CDC (ninth cause of action) and Plaintiff Smith's claim that BDC threatened her life (fourteenth cause of action) be dismissed under Rule 8, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even when given a liberal construction as a pro se complaint, these claims are bare assertions with a total lack of factual support. This Court agrees with the Magistrate that they should be dismissed.

The Magistrate did not make any specific findings as to the eleventh cause of action, which alleges that BDC representatives perjured themselves. However, after reviewing the record, the Court finds that the same Rule 8 analysis applies to this claim. The plaintiff has failed to show any facts in support of this allegation.

The Magistrate found that the plaintiff's motion for summary judgment is essentially a restatement of her complaint and should be denied. In her objections to the Report, the plaintiff reiterates the allegations, specifically that the defendants used racially and sexually discriminatory language. However, she has not supplied any material facts to support her claims. This Court agrees with the Magistrate that the plaintiff has not met the requirements of Rule 56, and summary judgment should be denied.

The remainder of the plaintiff's objections elaborate upon claims raised in the

complaint, particularly conspiracy to defraud. Finding no merit to these objections, they are overruled.

**III.     Conclusion**

After reviewing the parties' briefs, the record, the Report, and the objections thereto, the Court hereby adopts the Report in full, and grants the motions to dismiss of SBA, BB&T, and BDC/CDC and denies the plaintiff's motion for summary judgment. Further, the plaintiff included in her objections a motion to extend the deadline within which to file additional objections. This motion is denied. This case is now ended.

IT IS SO ORDERED.

September 16, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge